IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
District Judge S. Kato Crews

Civil Action No. 26-cv-03245-SKC

EDUARDO JOEL FREIRE QUINATOA,

Petitioner,

v.

WARDEN, Denver Contract Detention Facility,
GEORGE VALDEZ,
DAVID J. VENTURELLA,
MARKWAYNE MULLIN,
TODD BLANCHE,

Respondents.

---

**ORDER**

---

Before the Court is Petitioner's amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Petition). Dkt. 9. The Court ordered Respondents to show cause why the Petition should not be granted. Dkt. 13. On September 30, 2026, Respondents submitted a response to the Order to Show Cause, stating that they are not filing a brief in opposition to the Petition. Dkt. 16. For the reasons shared below, the Court GRANTS IN PART and DENIES IN PART the Petition.

Petitioner is confined at an immigration detention facility in Aurora, Colorado. Dkt. 1 at 1-2. He is a native and citizen of Ecuador. Dkt. 11 at 1. Petitioner alleges

he entered the United States with an "I" nonimmigrant visa on May 2, 2022. *Id.* He further alleges he was detained by ICE at his asylum interview in New Jersey on July 10, 2025, and that he has remained detained ever since—approximately 15 months. *Id.* Petitioner states he is the subject of ongoing removal proceedings because he appealed the August 28, 2025, order of removal, and the appeal remains pending. *Id.* He also alleges he was denied bond at a hearing in September 2025. *Id.* He raises two claims, titled as follows: (1) "My Detention has become unconstitutionally prolonged and violates the 5th Amendment of the Constitution, since I have been in 'ICE' custody for a year and a month, since 07/10/2025, without being able to have the right to bail"; and (2) "I am detained under 1226(a), not 1225(b), because I was not 'arriving' or 'seeking admission' when I was by 'ICE' since I am not a recent entrant. My continued detention without a bond hearing violates the Immigration and Nationality Act and the Fifth Amendment of the Constitution." Dkt. 9 at 2. (no alterations made). As relief, Petitioner asks the Court to order his immediate release. *Id.* at 4.

Respondents do not address the merits of Petitioner's claims. *See* Dkt. 16 at 1-2 ("For purposes of this specific case, Respondents are not submitting a brief in opposition to the Petition detailing the facts and circumstances of this case."). Furthermore, "Respondents recognize that the Court may then decide to grant the Petition and award appropriate relief." *Id.* Citing the recent decision of the United States Court of Appeals for the Tenth Circuit in *Santillan Quiroz v. Mullin*, 180 F.4th 1226 (10th Cir. 2026), Respondents state "the appropriate relief would be an Order

directing that Respondents, within seven days of this Court's Order, provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a), or else release Petitioner." *Id.* at 2.

Because Respondents do not contest Petitioner's claim that he is entitled to a bond hearing under 8 U.S.C. § 1226(a), the Petition will be granted in part. However, the Court agrees with Respondents that, because Petitioner may properly be subject to detention under § 1226(a), the appropriate relief is an order directing the Government to either provide a bond hearing within seven days or release Petitioner. *See Santillan Quiroz*, 180 F.4th at 1251 n.13 (directing the district court to "order the Government to, within seven days of such order, either provide [the petitioner] with a bond hearing or else release him"). Thus, to the extent Petitioner requests immediate release, the request is denied at this time.

For these reasons, Petitioner's amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Dkt. 9) is **GRANTED IN PART**, **DENIED IN PART**, and the Court **ORDERS** as follows:

1. Respondents are **ORDERED** to provide Petitioner a bond hearing within seven days from the date of this order. At the bond hearing, the Government shall bear the burden of proving risk of flight by a preponderance of the evidence and dangerousness to any other person or to the community by clear and convincing evidence. *Guevara Garcia v. Bondi*, No. 26-cv-01012-SKC, 2026 WL 835766, at *4 (D. Colo. Mar. 26, 2026). If Respondents do

not provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) as required herein, Petitioner must be immediately released from detention;

2. Respondents **SHALL FILE** a status report within **THREE DAYS** after Petitioner's bond hearing or release concerning (1) the results of any bond hearing that was conducted or, if no hearing was held, the date Petitioner was released from custody; and (2) whether any additional proceedings in this matter are required; and

DATED October 8, 2026.

BY THE COURT:

S. Kato Crews
United States District Judge