IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
District Judge S. Kato Crews

Civil Action No. 26-cv-03245-SKC

EDUARDO JOEL FREIRE QUINATOA,

Petitioner,

v.

WARDEN, Denver Contract Detention Center, Aurora, Colorado, et al.,

Respondents.

---

**ORDER**

---

This matter is before the Court on Petitioner Eduardo Joel Freire Quinatoa's motion to enforce (Dkt. 22). Respondents filed a response (Dkt. 26). Petitioner is confined at an immigration detention facility in Aurora, Colorado. Dkt. 9. On September 4, 2026, Petitioner filed an Amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. *Id.* On October 8, 2026, the Court granted Petitioner's Application and ordered Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within seven days of the Court's order or release him. Dkt. 18. On October 19, 2026, Respondents filed a status report stating that a bond hearing was held on October 15, 2026, at which the immigration judge denied bond. Dkt. 19.

On October 21, 2026, Petitioner submitted a Motion to Enforce the Court's

October 8, 2026, Order granting his Petition and order his immediate release from immigration detention, or alternatively, "a constitutionally adequate remedy." Dkt. 22, p.1. Petitioner states he is challenging the "defective implementation of the federal habeas remedy, specifically inadequate notice, last-minute disclosure, inability to rebut the criminal-record allegations and any failure to apply the required burdens of proof." *Id.* Petitioner requests:

> (a) immediate release from ICE custody, subject if appropriate to the least restrictive reasonable conditions, including a verified residence, scheduled ICE reporting, notification of address changes, or other lawful supervision, upon a finding that the purported hearing did not comply with ECF No. 18 or due process; (b) an order requiring Respondents to file or identify the three-day status report mandated by ECF No. 18 and produce hearing notice and service proof, the timing and manner of disclosure, all government exhibits, hearing audio or transcript, and the immigration judge's written decision and burden-of-proof findings; (c) an expedited government response specifically reconciling the single-incident criminal case chronology and identifying any distinct DUI conviction or other alleged judgment by docket number; (d) an expedited evidentiary hearing if material facts remain disputed; and (e) if immediate release is denied, a new meaningfully noticed bond hearing with adequate time to prepare, advance disclosure, the burdens imposed by ECF No. 18, and a firm compliance deadline, with release if compliance fails.

*Id.* at p.4.

On October 23, 2026, the Court issued an order directing Respondents to submit a response to Petitioner's motion. Dkt. 23. Respondents filed a response on October 30, 2026 (Dkt. 26). Respondents state that they "do not otherwise concede that the Motion is meritorious or that Respondents have not complied with this Court's prior Order granting the habeas petition . . . [b]ut for purposes of this specific

case, Respondents are not submitting additional briefing in opposition to the Motion detailing the facts and circumstances at issue." *Id.* at pp.1–2. Respondents further assert that "[i]f the Court does grant the Motion, Respondents submit that the Court should issue an order [that directs] a new bond hearing or other appropriate relief, including release." *Id.* at p.2.

**ANALYSIS**

Section 1226(e) states that "[n]o court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole." 8 U.S.C. § 1226(e). However, "because a federal court always retains jurisdiction to enforce its lawful judgments, including habeas judgments, the court has the authority to see that its judgment is fully effectuated." *Gall v. Scroggy*, 603 F.3d 346, 352 (6th Cir. 2010). Where a petitioner argues that the immigration judge applied an improper legal standard, rather than setting aside the custody determination of the immigration judge, the court is "assessing whether the IJ applied the legal standard prescribed by this [c]ourt or otherwise followed the [c]ourt's directives." *See Maldonado Ochoa v. Baltazar,* No. 26-cv-01449-PAB, 2026 WL 1615245, at *2 (D. Colo. June 5, 2026) (citing cases); *see also Quiroz Zacarias v. Mullin,* No. 26-cv-0574-WJM, 2026 WL 1092162, at *3 (D. Colo. Apr. 22, 2026) (recognizing the court may "assess[ ] whether the IJ applied the legal standard prescribed by this Court and otherwise followed the Court's directives.").

In the Motion to Enforce, Petitioner asserts that he "was taken to a bond

proceeding without sufficient advance notice to prepare;" and that he "had no meaningful time to obtain public outcomes or to prepare a rebuttal." Dkt. 22, p.2. He further claims that the "combination of very late notice, a lack of advance disclosure of adverse evidence, and the practical inability of a detained pro se person to obtain responsive court records may render the opportunity illusory" and violated due process. *Id.* at p.3. Although Respondents state that they do not concede that Petitioner's arguments are meritorious, this is the extent of their position, which ultimately amounts to no argument at all. Where, as here, "a party files a response to a motion but does not address all arguments which the motion raises, the party has effectively conceded the arguments which it does not address." *Alfaro Herrera v. Baltazar*, No. 1:25-cv-04014-CNS, 2026 WL 91470, at *5 (D. Colo. Jan. 13, 2026) (quoting *Series 17-03-615 v. Teva Pharms. USA, Inc.*, 785 F. Supp. 3d 904, 935 (D. Kan. 2025)); *see also C1.G ex rel C.G. v. Siegfried*, 38 F.4th 1270, 1282 (10th Cir. 2022). Thus, the Court finds that based on Petitioner's unrefuted allegations, his due process rights were violated. *See e.g., Parajuli v. Warden, California City ICE Det. Facility,* No. 1:26-cv-03125-TLN-CKD, 2026 WL 1707076, at *3 (E.D. Cal. June 12, 2026), *report and recommendation adopted*, No. 1:26-cv-03125-TLN-CKD, 2026 WL 1833477 (E.D. Cal. June 25, 2026) ("[P]etitioner's right to a meaningful opportunity to put forward evidence as to whether he is eligible for release was compromised by insufficient notice of the ordered hearing and the immigration judge's failure to grant petitioner more time to remedy the lack of proper notice."); *Magatte v. Lowe,* No. 4:26-cv-00597,

2026 WL 1454116, at *3 (M.D. Pa. May 22, 2026) (holding that petitioner's "bond hearing was constitutionally defective because the IJ did not provide Magatte with a reasonable opportunity to present evidence on his own behalf."); *Hidalgo v. Warden,* No: 1:26-cv-04755-DJC-SCR, 2026 WL 2547030, at *3 (E.D. Cal. Aug. 28, 2026) (holding that "[g]iven both this lack of notice of the hearing and the unexpected withdrawal of his attorney, Petitioner reasonably could not prepare evidence, including potentially dispositive evidence about his single prior arrest that could rebut DHS's argument that Petitioner poses a danger to the community.").

Respondents contend that if this Court grants the Motion, it would be appropriate to order "a new bond hearing or other appropriate relief, including release." Dkt. 26, p.2. This Court finds little utility in ordering further bond hearings and risking further constitutional violations. The Court instead will order Petitioner's immediate release. *See Quiroz Zacarias* 2026 WL 1092162, at *5 ("Requiring [the petitioner] to undergo yet another sham bond hearing, as the Government would have it, in the Court's view would only add further insult to the constitutional injury to which [the petitioner] has already been subjected.").

* * *

For the reasons shared above, Petitioner's motion (Dkt. 22) is **GRANTED. IT IS ORDERED** Respondents SHALL immediately release Petitioner under reasonable conditions, if any, to be set by DHS and SHALL FILE a status report within FIVE DAYS of this Order certifying compliance.

DATED: November 4, 2026

BY THE COURT:

S. Kato Crews
United States District Judge